UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA,

       - against -                            **MEMORANDUM & ORDER**

ZEV SALTSMAN, MENACHEM EITAN,           07-CR-641 (NGG)
STEVEN NEWMAN, EDWARD NEWMAN,
ANDREW BROWN, MARTIN WEISBERG,

                 Defendants.
----------------------------------------------------------------X

NICHOLAS G. GARAUFIS, U.S. District Judge.

       The Government has moved for an Order authorizing it to provide notice by publication to the "large number" of alleged crime victims in this case, pursuant to the Scott Campbell, Stephanie Roper, Wendy Preston, Louarna Gillis, and Nila Lynn Crime Victims' Rights Act ("CVRA"), codified as Title I of the Justice For All Act of 2004, at 18 U.S.C. § 3771. (See Government's Proposed Order dated November 16, 2007 ("Proposed Order") (Docket Entry #28).) For the reasons that follow, the Government's motion is GRANTED.

       Under Section 3771(a)(2) of the CVRA, crime victims have a right to "reasonable, accurate, and timely notice" of public court proceedings. Furthermore, the CVRA imposes an affirmative obligation on the judiciary to "ensure" that those rights are "afforded." Id. § 3771(b). The statute defines crime victims to be those individuals who were "directly and proximately harmed as a result of the commission" of the offenses charged. Id. § 3771(e). It bears mention that victims' rights under the CVRA begin well before a conviction; thus, the status of "victim" may be based on allegations rather than proof. See, e.g., U.S. v. Turner, 367 F. Supp. 2d 319, 326 (E.D.N.Y. 2005) (noting that "[t]hat syllogism – which renders the CVRA inapplicable to this or any other criminal case unless and until the defendant is proved guilty beyond a

reasonable doubt – produces an absurd result that [the court] must presume Congress did not intend."); See generally I.N.S. v. St. Cyr, 533 U.S. 289, 299-300 (2001) (holding that "if an otherwise acceptable construction of a statute would raise serious constitutional problems, and where an alternative interpretation of the statute is 'fairly possible,' . . . we are obligated to construe the statute to avoid such problems") (citation omitted).

Here, the Government contends that the alleged victims of the charged securities fraud, conspiracy to commit securities fraud, money laundering, and conspiracy to commit money laundering "potentially include all individuals who owned Class A common stock of Ramp Corporation ('Ramp') and Xybernaut Corporation ('Xybernaut') at any point in time between April 2001 and December 2004." (Proposed Order at 1.) During that period of time, Ramp stock was traded on the American Stock Exchange, and Xybernaut stock was traded on the National Association of Securities Dealers Automated Quotation System SmallCap market. (Id. at 2.) Furthermore, Xybernaut had more than 190,000,000 shares of Class A common stock as of December 2004, and Ramp had more than 318,000,000 shares of Class A common stock as of December 2004. (Id.)

Given the large number of outstanding shares of Ramp and Xybernaut at the time of the alleged crimes, the Government estimates that there exists a class of "at least tens of thousands of potential victims in this case," only some of whom it has yet been able to identify, locate, and notify. (Id. at 2.) It is thus impracticable in this case for the Government to attempt to identify and locate all of the potential alleged crime victims and provide them with reasonable, accurate and timely notice by mail. Under such circumstances, Section 3771(d)(2) of the CVRA gives

this court the authority to "fashion a reasonable procedure to give effect to [the CVRA] that does not unduly complicate or prolong the proceedings."

The Government has proposed that published notice shall direct potential alleged victims to the website for the United States Attorney's Office in the Eastern District of New York or a website maintained by the Department of Justice, where hyperlinks will provide updates about the status of the case. Although there does not appear to be any direct authority laying out the proper procedure for instituting a notification procedure under the CVRA, I find that the Government's proposal is a reasonable one. See In re W.R. Huff Asset Management Co., LLC, 409 F.3d 555 (2d Cir. 2005) (noting that "[m]ost of the rights provided to crime victims under the CVRA require an assessment of 'reasonableness.' . . . The district court is far better positioned to make these assessments and to determine what constitutes 'a reasonable procedure' for effecting these rights . . . than a court of appeals) (citations omitted). Given the large number of potential alleged crime victims, notification by publication is a reasonable procedure that will both give effect to the CVRA and will not unduly complicate or prolong the proceedings.

I hereby direct the Government to provide notice to potential alleged crime victims by publication in accordance with the procedure described herein. The Government's motion is GRANTED.

SO ORDERED.

Dated: November 27, 2007         /s Nicholas G. Garaufis
    Brooklyn, New York         NICHOLAS G. GARAUFIS
                                           United States District Judge