1                       UNITED STATES DISTRICT COURT
                        EASTERN DISTRICT OF NEW YORK
2

3      ------------------------------------X
                                           :
4      UNITED STATES OF AMERICA,           :
                                           :  07-CR-00641 (NGG)
5                                          :
                                           :
6                   v.                     :  225 Cadman Plaza East
                                           :  Brooklyn, New York
7      ZEV SALTSMAN,                       :
                                           :  July 24, 2009
8                        Defendant.        :
       ------------------------------------X
9

10             TRANSCRIPT OF CRIMINAL CAUSE FOR ARRAIGNMENT
                    BEFORE THE HONORABLE MARILYN D. GO
11                    UNITED STATES MAGISTRATE JUDGE

12     APPEARANCES:

13     For the Government:          ILENE WEININGER JAROSLAW, ESQ.
                                    United States Attorneys Office
14                                  271 Cadman Plaza East
                                    Brooklyn, New York 11201
15

16     For the Defendant:          BENJAMIN BRAFMAN, ESQ.
                                    Brafman and Ross, P.C.
17                                  767 Third Avenue
                                    26th Floor
18                                  New York, New York 10017

19                                  KAREN ANNE NEWIRTH, ESQ.
                                    Innocence Project Inc.
20                                  40 Worth Street
                                    Suite 701
21                                  New York, New York 10013

22
       Court Transcriber:          RUTH ANN HAGER
23                                  TypeWrite Word Processing Service
                                    211 N. Milton Road
24                                  Saratoga Springs, New York  12866

25


       Proceedings recorded by electronic sound recording, transcript
       produced by transcription service

2

1   (Proceedings began at 11:43 a.m.)

2           COURT CLERK:  Criminal cause for arraignment, case

3   number 07-0641, United States v. Zev Saltsman.  Counsel, your

4   name for the record.

5           MS. JAROSLAW:  For the Government Ilene Jaroslaw.

6   Good morning, Your Honor.

7           MR. BRAFMAN:  For Mr. Saltsman, Ben Brafman and

8   Karen Newirth.  Good morning, Your Honor.

9           THE COURT:  Good morning.

10          MS. JAROSLAW:  Your Honor, we're here today for

11  initial hearings of Mr. Saltsman and an arraignment on a 19-

12  count indictment.  There was an extradition proceeding pending

13  against Mr. Saltsman.  The Court ruled that he be extradited

14  and Mr. Saltsman took an appeal.  Based on an agreement with

15  the Government regarding a bail package Mr. Saltsman agreed to

16  withdraw his appeal in the extradition matter and he arrived

17  at Kennedy Airport last night.

18          MR. BRAFMAN:  And, Your Honor, we have an agreed

19  bail package which is quite significant.  I'm happy, Your

20  Honor, at any point --

21          THE COURT:  Well, if it's his initial appearance in

22  this case let's do the arraignment first.

23          MR. BRAFMAN:  Yes, ma'am, I'm sorry.

24          THE COURT:  Now, Mr. Brafman, have you received a

25  copy of the 19 count indictment in this matter and discussed

3

1   with your client the charges set forth on the first four

2   counts -- the first three counts pertaining to securities

3   fraud and the [inaudible] money laundering as well as

4   forfeiture?

5          MR. BRAFMAN:  Yes, Your Honor, I traveled to London

6   and met with Saltsman.  We had an extensive meeting concerning

7   the indictment.  He has had other counsel as well and he's

8   familiar with the charges and we waive a formal reading of the

9   indictment.

10         THE COURT:  Do you understand the nature of the

11  charges?

12         THE DEFENDANT:  Yes.

13         THE COURT:  Is your client prepared to enter a plea

14  to the charges and the superseding indictment in this matter?

15         MR. BRAFMAN:  We're pleading -- entering a plea of

16  not guilty at this time, Your Honor.

17         THE COURT:  Okay.  Back to the bail issue.

18         MR. BRAFMAN:  Yes.  Your Honor, if I may with

19  assistance of Ms. Jaroslaw, and I thank her for the courtesy

20  extended, that Mr. Saltsman did waive extradition and there

21  was a bail package that we have agreed to.  The particulars of

22  the bail package are as follows.  He withdrew the appeal of

23  extradition.  He also withdrew his objections to the United

24  States MLAT request in Luxembourg for certain bank records and

25  we have provided copies of those letters to the Government.

4

1  The bail package is a five million dollar bond that is secured

2  by $3,250,000.00 in cash, two point -- $2,250,000.00 has

3  already been deposited with the Clerk of the Court and we have

4  a copy of the receipt which we've shown to --

5            MS. JAROSLAW:  Yes.

6            THE COURT:  I have that.

7            MR. BRAFMAN:  Okay.  And we have an understanding

8  with the Government that the additional million dollars is to

9  be transferred directly from London where that was posted as

10  bail there.  They wouldn't release it until he actually

11  arrived here.  The understanding is that that's to be released

12  directly to my special account, not to Mr. Saltsman.  When it

13  hits my account I am to deposit it with the Clerk of the Court

14  and we've given the Government the letter verifying our

15  intention to do so.  And there is a letter that also went to

16  London and an agreement directing them to transfer the assets

17  directly to my special account.  So I think we have an

18  understanding that that additional money will be deposited

19  within two weeks or sooner as soon as it gets here.

20            MS. JAROSLAW:  That's correct, Your Honor.

21            MR. BRAFMAN:  And --

22            THE COURT:  Okay.  Three and a half million dollars?

23            MR. BRAFMAN:  No, there's three -- the cash

24  portion --

25            MS. JAROSLAW:  3.35.

5

1          MR. BRAFMAN:   -- is $3,250,000.00.  We've already

2   posted $2,250,000.00, so we are obligated to post another

3   million dollars when that bail hits my account and we're

4   hopeful it should be within two weeks.  If earlier, as soon as

5   it gets here and clears, we'll deposit it and I represent to

6   you as an officer of the Court that the money will not be

7   released to anyone else than the Clerk of the Court.

8          Mr. Saltsman is going to be living with his in-laws

9   who is present in the court at 640 Euclid Avenue, West

10  Hempstead, New York, property coned  -- co-owned by the

11  defendant and his mother-in-law who is present in the court.

12  There is -- there are going to be three sureters who will be

13  signing a five million-dollar bond who are Yaffa Silverberg,

14  Gershon Fluk, F-L-U-K, and Ari B-E-R-G-M-A-N.  Those names and

15  addresses have been given to your courtroom deputy.

16          By agreement with the Government subject to Your

17  Honor's approval Mr. Saltsman will be permitted to travel

18  within the state of New York, the state of New Jersey, the

19  state of Pennsylvania and Detroit, Michigan and surrounding

20  area for family visits.  The sureters are present in the Court

21  and I have personally explained the conditions of the bond and

22  they are prepared to appear and answer Your Honor's questions,

23  recognize -- verify that they know and understand the

24  conditions of the bond.

25          MS. JAROSLAW:  And, Your Honor, if I may add Mrs.

6

1  Silverberg and Mr. Saltsman own the house in West Hempstead

2  and they represented to me that they will file a confession of

3  judgment in Nassau County by this Wednesday.  Further, the

4  defendant has surrendered both of his Israeli and United

5  States passports and we've turn over those to Pretrial

6  Services.

7           MR. BRAFMAN:  That's correct, Your Honor.  And the

8  paperwork on the house will be filed in Nassau County by

9  Wednesday and we will provide verification to Ms. Jaroslaw as

10  soon as that's done.

11                   [Pause in the proceedings.]

12           THE COURT:  Could you ask the sureters to come up

13  here?

14           MR. BRAFMAN:  Yes.  Ms. Bergman, Mr. Fluk and Ms.

15  Silverberg [inaudible].

16           COURT CLERK:  Can you raise your right hand?

17       (Sureters Bergman, Fluk and Silverberg, Sworn.)

18           COURT CLERK:  Can you state your name for the

19  record?

20           MR. BERGMAN:  Ari Bergman.

21           MR. FLUK:  Gerson M.L.[Ph.] Fluk.

22           MS. SILVERBERG:  And Yaffa Silverberg.

23           COURT CLERK:  Thank you.

24           THE COURT:  You've all taken an oath, an oath

25  affirmed -- an affirmation to tell the truth and I want to

7

1  warn you that if you don't you could be prosecuted for perjury

2  against this Court would be [inaudible] statements in

3  determining whether or not true.

4          Now, Ms. Silverberg, I understand you are married

5  to --

6          MR. BRAFMAN:  Mother-in-law.

7          THE COURT:  Mother-in-law -- the mother-in-law.  All

8  right.  And you -- you and Mr. Saltsman --

9          THE DEFENDANT:  Yes.

10         THE COURT:  -- are the owners of a -- of some

11 premises in West Hempstead at 640 Euclid Avenue?

12         [Judge's microphone is turned on.]

13         THE COURT:  Oh, I'm sorry.  Okay.  I had turned it

14 off.  Yes.  Are you the co-owner of a house at 640 Euclid

15 Avenue in West Hempstead?

16         MS. SILVERBERG:  Yes.

17         THE COURT:  With Mr. Saltsman?

18         MS. SILVERBERG:  [Inaudible.]

19         THE COURT:  Is there any mortgage on that house?

20         MS. SILVERBERG:  [Inaudible.]

21         THE COURT:  Okay.  And would you agree as a

22 condition of the bond that you would file appropriate

23 documentation to evidence the -- that the house is secured by

24 the bond that may be set in the amount of five million

25 dollars?

8

1          MS. SILVERBERG:  [Inaudible.]

2          THE COURT:  Okay.

3          THE COURT:  Okay.  And you will not further encumber

4  the property -- you will not encumber the property, take any

5  mortgages or --

6          MS. SILVERBERG:  [Inaudible.]

7          THE COURT:  Okay.  Mr. Fluk?

8          MR. FLUK:  Yes.

9          THE COURT:  What is your relationship with Mr.

10  Saltsman?

11          MR. FLUK:  Mrs. Silverberg is my first cousin.

12          THE COURT:  Okay.

13          MR. FLUK:  She's in the family.

14          THE COURT:  Okay.  How long have you known Mr.

15  Saltsman?

16          MR. FLUK:  Since he got married to his wife.

17  Nineteen years ago.

18          THE COURT:  Okay.  All right.  What do you do for

19  work?

20          MR. FLUK:  I'm an attorney.

21          THE COURT:  Okay.  What is your income?

22          MR. FLUK:  Over $300,000.00.

23          THE COURT:  Do you have any dependents?

24          MR. FLUK:  I have a home, one dependent.

25          THE COURT:  And sometimes they come back and bother

9

1  you afterwards.  Okay.

2        MR. FLUK:  We let them stay rent free at my house.

3        THE COURT:  Okay.  Mr. Bergman, what is your

4  relationship with the defendant?

5        MR. BERGMAN:  [Inaudible.]

6        THE COURT:  How long have you known him?

7        MR. BERGMAN:  Approximately [inaudible].

8        THE COURT:  Okay.  What is your income?

9        MR. BERGMAN:  Approximately [inaudible].

10        THE COURT:  What do you do for work?

11        MR. BERGMAN:  Investment manager.

12        THE COURT:  Yes.  At a securities firm?

13        MR. BERGMAN:  No.  I have my own cash firm [Ph.].

14        THE COURT:  Okay.  So have you been able to make

15  money this last year?

16        MR. BERGMAN:  Thank God, Yes.

17        THE COURT:  Okay.  Do you have any dependents?

18        MR. BERGMAN:  Yes.

19        THE COURT:  And how many?

20        MR. BERGMAN:  I have at home two.

21        THE COURT:  Okay.  I think there's satisfactory

22  sureties.  Now I just want all three of you to understand the

23  nature of the charges against Mr. Saltsman.  They are very

24  serious charges.  I don't know if you've had a chance to look

25  at the indictment.  It's --

10

1          MR. BRAFMAN:  Maybe if you could explain the nature

2   of the charges to the sureters.

3          THE COURT:  Okay.  And what's not clear from the

4   indictment is the amount of the securities fraud that the

5   Government estimates.

6          MS. JAROSLAW:  Well, there is a loss in excess of 15

7   [Ph.] million dollars.

8          THE COURT:  Okay.  And -- and the money laundering

9   charges do indicate that the losses are -- amount to about 15

10  million dollars from my eyeballing of the amounts listed in

11  the indictment.  So given the large amounts of money involved

12  it is clear that -- to me that if Mr. Saltsman is found guilty

13  of those charges he could very well face a very long prison

14  sentence and may have a lot of incentive to flee and not face

15  the charges.  Do you understand that?  Yes?

16          Okay.  Now he will -- he will be released from

17  custody if you agree to co-sign a bond in the amount of five

18  million dollars.  And I do think it's a little low but in

19  light of the fact he did voluntarily appear in the United

20  States, I'm willing certainly to abide by the Government's

21  agreement with Mr. Saltsman.

22          If he fails to appear in court you -- all of you who

23  signed the bond will owe the Government five million dollars.

24  Now, to insure that the Government can collect, as you've

25  heard us discuss earlier, $3,250,000.00 will be deposited with

11

1  this Court so your actual obligation is likely to be

2  $1,750,000.00.  And you are jointly and severally liable on

3  this bond, which means the Government could collect from any

4  one of you or from all three of you up to that amount.  It

5  will do so by taking anything of value you may own.  And, Ms.

6  Silverberg, you do risk losing your home but irrespective of

7  what the market value of the home will be if the home is

8  forfeited and the Government does not need to choose to

9  proceed that way, the Government could seize to coll -- choose

10 to collect from the other two sureties.  The home is likely

11 not to be sold close to market value in forfeiture.  Do you

12 all understand that?

13         And so you risk having your assets subject to the

14 collection efforts of the Government having any real estate,

15 bank accounts or any other things of value seized and

16 forfeited and having any income garnished and being -- and you

17 also risk being subject to the collection of efforts  -- to

18 the collection efforts of the Government until every cent

19 that's outstanding is paid in full.  Do you understand?

20         THE COURT:  Do you have any questions about your

21 obligations?

22         No.  Okay.  Are you willing to sign this bond for

23 five million dollars?

24         SURETERS:  Yes.

25         THE COURT:  Yes.  Okay.  Now when -- is the

12

1  Government consenting to release of the defendant prior to the

2  deposit of the remaining funds?

3            MS. JAROSLAW:  Yes, Your Honor.

4            THE COURT:  Okay.  And prior to the filing of a

5  confession of judgment?

6            MS. JAROSLAW:  Yes.

7            THE COURT:  Okay.  So, Ms. Silverberg, you will have

8  to sign appropriate documentation so that a confession of

9  judgment can be filed against your home and returned to the

10 court by July 29th.

11            MS. SILVERBERG:  Yes.

12                [Pause in the proceedings.]

13            THE COURT:  Mr. Saltsman, I'm going to go over the

14 conditions of release.  It's important you comply with them

15 because if you don't the Government could seek to come back to

16 court and have you detained.  Now, the most important

17 condition is that you come back to court and if you fail to do

18 so you will cause great financial hardship to your friends and

19 relatives.  In addition, the Court will issue a warrant for

20 your arrest and you could be prosecuted for failing to appear

21 in court and if convicted subject to criminal penalties

22 including imprisonment and a fine in addition to whatever

23 penalties could be imposed and the charges set forth in the

24 indictment.  Your travel will be restricted to New York state,

25 New Jersey, Pennsylvania and Detroit.

13

1           MS. JAROSLAW:  Yes, Detroit [inaudible].

2           THE COURT:  And that's only for -- to visit family.

3    Yeah.

4           MR. BRAFMAN:  Travel with family.  Visit family,

5    travel with family.

6                    [Pause in the proceedings.]

7           THE COURT:  I understand his passport has been

8    seized -- surrendered?

9           MS. JAROSLAW:  Yes.  There are two passports, an

10   Israeli passport and a United States passport and Pretrial

11   Services has custody of both of them.

12          THE COURT:  You are not to apply for any other

13   passport.  You -- I will place you under the supervision of

14   Pretrial Services and you will be subject to reporting as

15   required by Pretrial Services and as well as random visits at

16   your residence and any place of employment.

17          The final condition is that you not commit any other

18   crime while on release and I'm advising you that if you tamper

19   with evidence, intimidate witnesses or otherwise obstruct an

20   investigation those are federal crimes and you could be

21   subject to greater penalties than could ordinarily be imposed

22   if you commit those crimes while on release.  Do you

23   understand?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Okay.  So I'd like the sureties to sign

14

 1  on the lines above their printed names.  The terms of the bond

 2  are above the signature lines as well as on the top half of

 3  the back of the form.

 4          MR. BRAFMAN:  Your Honor, to save time I want to

 5  represent as an officer of the court that I went over the

 6  conditions of the bond with each of the sureters, both the

 7  front and the back.  You have a very efficient deputy who gave

 8  me a heads up to do that so I've done that.

 9          THE COURT:  Okay.  Good.  Do you understand the

10  terms of the bond that --

11          MS. SILVERBERG:  Yes, we do.

12          THE COURT:  -- are printed on this form?  Thanks.

13  Just sign above your name.

14                  [Pause in the proceedings.]

15          MR. BRAFMAN:  Your Honor, all three sureters and the

16  defendant have signed the bond.

17          THE COURT:  Okay.  And one condition I'm just

18  adding, which I didn't add, is that -- is the timing of the

19  payments to be deposited -- the cash to be deposited with the

20  Court so what's the outer limit of the time?

21          MR. BRAFMAN:  I'm told two weeks.  We have no

22  control.  The money is coming from the Clerk of the Court in

23  London directly to my special account.

24          THE COURT:  Okay.  So how about --

25          MR. BRAFMAN:  Maybe two weeks will do it.  If it

15

1  comes earlier I'll notify Ms. Jaroslaw if it comes.  If they

2  tell me it's going to take longer I will notify Ms. Jaroslaw

3  and she can verify that it's not our fault and if we need to

4  come back we'll come back and --

5            THE COURT:  Then you can make a letter application.

6            MR. BRAFMAN:  Yes.

7            THE COURT:  Shall I just give you a little more time

8  and then -- maybe the 14th of --

9            MR. BRAFMAN:  That's fine.

10           THE COURT:  -- August and that should give you a lot

11  of extra time.

12           MR. BRAFMAN:  The money is not going to Mr. Saltsman

13  under any circumstances.  They have our special account

14  information from my firm so I represent to you that once it

15  gets there the only place it will go is to the Clerk of the

16  Court absent the court order for the time being.

17                   [Pause in the proceedings.]

18           THE COURT:  Ms. Silverberg, Mr. Fluk and Mr.

19  Bergman, are these your -- a signature -- signatures on the

20  bond?

21           WITNESSES:  Yes.

22           THE COURT:  Yes.  And are the addresses correct?

23           WITNESSES:  Yes.

24           THE COURT:  Okay.  Okay.

25              (Proceedings concluded at 12:03 p.m.)

16

1          I certify that the foregoing is a court transcript

2    from an electronic sound recording of the proceedings in the

3    above-entitled matter.

4

5

6    _____

7                             Ruth Ann Hager

8    Dated:   July 14, 2011

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25